### SCHULMAN v. LINCH.

(Supreme Court, Appellate Term.  March 8, 1912.)

STREET RAILROADS (§ 99*)—COLLISION—CONTRIBUTORY NEGLIGENCE.

. Where plaintiff's own testimony shows that, while driving slowly, he attempted to cross a street car track in front of a moving car, which was only 10 feet away, and which he saw before he attempted to cross, a judgment against the street car company cannot be sustained.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 209–216;  Dec. Dig. § 99.*]

Appeal from City Court of New York, Trial Term.

Action by Hyman Schulman against George W. Linch, as receiver of the Second Avenue Railroad Company.  From a judgment for plaintiff on a verdict, and from an order denying a new trial, defendant appeals.  Reversed, and complaint dismissed.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Charles E. Chalmers, for appellant.
Herman & Hirschman, for respondent.

SEABURY, J.  This action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff through

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the negligence of the defendant. The plaintiff was a driver of a milk wagon. He testified that he was driving slowly, and when one foot away from the track he saw the defendant's car approaching; that at that time the car was ten feet away from him. Notwithstanding this fact, he attempted to cross the track, and when halfway over his wagon was struck by the car.

We think that there is only one inference which can be drawn from this evidence, and that is that the plaintiff negligently drove on the track in front of a moving car, which was at that time only a few feet away from him. There is no evidence that, when the plaintiff first saw the car, it had slowed down, or that any act was done by the motorman which could have been construed into an invitation to the plaintiff to cross the track. Under these circumstances, we think that the complaint should have been dismissed at the close of the plaintiff's case. The evidence offered by the defendant showed that the car was only five feet away when the plaintiff drove on the track; that the motorman rang the bell, used the reverse on the car, and shouted a warning to the plaintiff before he got upon the track.

Judgment reversed, and complaint dismissed, with costs to appellant. All concur.